# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZACHARY RYAN SUTER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-15-1101-W |
| CANADIAN COUNTY, | ) ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, submitted to this Court for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] The matter has been referred by United States District Judge Lee R. West for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

At the time of filing, Petitioner neither paid the required $5 filing fee nor submitted an application for leave to proceed in forma pauperis. By Order [Doc. No. 4] dated October 5, 2015, the Court directed Petitioner to cure these deficiencies. Petitioner did not timely cure the deficiencies as directed. By Order [Doc. No. 5] dated October 28, 2015, the Court sua sponte granted Plaintiff additional time, until November 11, 2015, to cure the deficiencies. Plaintiff was cautioned that failure to cure the deficiencies could result in the dismissal of this action without prejudice to refiling.

As of this date, Petitioner has not cured the deficiencies. He has not paid the $5 filing fee, submitted an application for leave to proceed in forma pauperis, sought an extension of time

---

[1] Without deciding the issue, it appears Petitioner is challenging pending state court criminal proceedings, and, therefore, his Petition is properly construed as one arising under 28 U.S.C. § 2241. *See Yellowbear v. Wyoming Attorney General*, 525 F.3d 921, 924 (10th Cir. 2008) (stating that pretrial detention can be challenged through a habeas petition brought under 28 U.S.C. § 2241; *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("[Section] 2241 is the proper avenue by which to challenge pretrial detention."). From the sparse allegations made, it is not clear whether Petitioner is "in custody" on the pending state criminal matters. *See* 28 U.S.C. § 2241(c).

within which to do so, or shown good cause for his failure to comply with the Court's Orders. Under these circumstances, it is recommended that the action be dismissed without prejudice to refiling. *See* LCvR 3.2 and 3.4.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Petitioner's action be dismissed without prejudice to the filing of a new action.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Any objection must be filed with the Clerk of the District Court by December 7, 2015. Failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 16th day of November, 2015.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE